IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR DARNELL THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:20-cv-181 |
| ) | Judge Stephanie L. Haines |
| R.N. MARTYNUSKA, Medical Contractor, ) | Magistrate Judge Keith A. Pesto |
| FCI LORETTO, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This is a civil rights case brought by Victor Darnell Thomas ("Plaintiff"), relating to Plaintiff's incarceration at Federal Correctional Institution Loretto ("FCI Loretto"). In this matter, Plaintiff has filed a complaint (ECF No. 4), an amended complaint (ECF No. 8), and a second amended complaint (ECF No. 10),[1] which is the operative complaint. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

In his second amended complaint (ECF No. 10), Plaintiff alleges he received grossly inadequate medical care while in the custody of FCI Loretto, as well as several other claims relating to the alleged actions of FCI Loretto staff. Plaintiff asserts nine claims against the following FCI Loretto staff named as Defendants: Registered Nurse ("R.N.") Martynuska, Lt. Robinson, Norman Weidlich, Kim Swindell, M.D., E. Bradley, V. Moser, A.W. Taggart, Physician's Assistant ("P.A.") Golden, Justin Bender, R.N., Corrections Officer ("C.O.") McLaughlin, C.O. John Doe #1, C.O. John Doe #3, S. Miles, C.O. Murphy, Wirfel, Special

---

[1] Though Plaintiff has titled this filing "Amended Complaint", the document is the second amended complaint filed by Plaintiff and the Court will therefore refer to this filing as the second amended complaint.

1

Investigative Staff ("S.I.S") Yingling, S.I.S Henry, C.O. Jozwiak, Education Specialist Reesy, and Case Management Coordinator ("C.M.C.") Spasoto. Specifically, Plaintiff asserts the following categories of claims against various Defendants: 1) Eighth Amendment claims based on the failure to provide appropriate care from July 12, 2018 until September 3, 2018, which resulted in Plaintiff being hospitalized for approximately 24 days to treat his septic shock; 2) use of excessive force claims based on an incident that occurred on September 2, 2018, when Plaintiff was transferred to the hospital for treatment relating to that same incident; 3) retaliation claims based on Plaintiff filing grievances relating to the incident of excessive force; and, 4) claims based on the alleged failure to protect Plaintiff on three separate incidents, the first being an incident when Plaintiff was attacked, the second incident being when prison staff failed to report a racial problem, and lastly, an incident when Plaintiff was threatened by another inmate.

On September 29, 2021, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 13) following his screening of Plaintiff's second amended complaint (ECF No. 10) pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A. In the Report and Recommendation (ECF No. 13), Magistrate Judge Pesto recommends that certain claims in the second amended complaint (ECF No. 10) should be dismissed, but that the dismissal of those claims should be with leave to amend those claims. Specifically, Magistrate Judge Pesto found Plaintiff sufficiently stated his deliberate indifference claims against Defendants Swindell, Martynuska, and Robinson, and Plaintiff sufficiently stated his claims of use of excessive force and retaliation against Defendant Robinson. However, Magistrate Judge Pesto found Plaintiff failed to sufficiently plead the remainder of his claims and that those claims should be dismissed without prejudice. In the Report and Recommendation (ECF No. 13), Plaintiff was advised he had fourteen days to file objections. Plaintiff has not filed objections and the time to do so has expired.

2

Upon review of the Report and Recommendation (ECF No. 13) and all documents of record under the applicable "reasoned consideration" standard, see *EEOC V. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto as the Opinion of this Court as amended herein. Accordingly, the following claims shall be dismissed without prejudice as Plaintiff has failed to state sufficient allegations to support these claims:

1. Plaintiff's deliberate indifference claims against Defendants P.A. Golden, Bender, John Doe #1, C.O. McLaughlin, Norman Weidlich, E. Bradley, V. Moser, A.W. Taggart, John Doe #3, S. Miles, C.O. Murphy, and Wirfel;

2. Plaintiff's use of excessive force claims against Defendants Martynuska, Norman Weidlich, Kim Swindell, M.D., E. Bradley, V. Moser, A.W. Taggart, P.A. Golden, Bender, C.O. McLaughlin, S. Miles, C.O. Murphy, and Wirfel;

3. Plaintiff's failure to protect claims.[2]

Plaintiff's deliberate indifference claims against Defendants Swindell, Martynuska, and Robinson, and Plaintiff's use of excessive force and retaliation claims against Defendant Robinson are sufficiently pleaded against those Defendants.

Though the Report and Recommendation (ECF No. 13) granted Plaintiff leave to file an amended complaint within the same period of time to file objections, and Plaintiff failed to file a third amended complaint within that time period, the Court will grant Plaintiff an additional

---

[2] Plaintiff does not specifically name any Defendant in his failure to protect claims but describes incidents involving Defendants C.O. Jozwiak, S.I.S. Henry, Reesy, and S.I.S. Yingling. Regardless of this pleading deficiency, Plaintiff has failed to state a failure to protect claim against any Defendant.

3

thirty days from the date of this Memorandum Order to file a third amended complaint if he wishes to amend the above claims dismissed without prejudice. Such amendment must be consistent with Magistrate Judge Pesto's Report and Recommendation (ECF No. 13) and this Memorandum Order. Plaintiff's third amended complaint must set forth clearly identified causes of action in separate paragraphs that both identify Plaintiff's legal theories, facts suggestive of the proscribed conduct, and which Defendants he asserts the specific cause of action against. His third amended complaint must be one stand-alone document without reference to any other document filed in this case. Plaintiff is cautioned that the opportunity to amend his claims does not invite enlarging the lawsuit by filing new allegations not related to the allegations in the second amended complaint (ECF No. 10) or by adding Defendants not related to the allegations in the second amended complaint (ECF No. 10). Inclusion of new allegations and claims unrelated to those set forth in the second amended complaint (ECF No. 10), or failure to submit a third amended complaint that is simple, concise, and direct, will be considered a failure to comply with an Order of Court and may lead to the dismissal with prejudice of the claims Plaintiff is granted leave to amend herein. If Plaintiff does not timely file an amended pleading by **December 1, 2021**, the claims dismissed without prejudice under this Memorandum Order shall convert to dismissal **with prejudice** without further Order or notice.

Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 1st day of November, 2021, IT IS ORDERED that for the reasons set forth in Magistrate Judge Pesto's Report and Recommendation (ECF No. 13), which hereby is adopted as the Opinion of the Court as amended herein, the following claims are dismissed without

4

prejudice from Plaintiff's second amended complaint (ECF No. 10):

1. Plaintiff's deliberate indifference claims against Defendants P.A. Golden, Bender, John Doe #1, C.O. McLaughlin, Norman Weidlich, E. Bradley, V. Moser, A.W. Taggart, John Doe #3, S. Miles, C.O. Murphy, and Wirfel;

2. Plaintiff's use of excessive force claims against Martynuska, Norman Weidlich, Kim Swindell, M.D., E. Bradley, V. Moser, A.W. Taggart, P.A. Golden, Bender, C.O. McLaughlin, S. Miles, C.O. Murphy, and Wirfel;

3. Plaintiff's failure to protect claims.

IT FURTHER IS ORDERED that if Plaintiff wishes to file an amended pleading, his deadline for doing so is **December 1, 2021.** Should Plaintiff file an amended pleading, he must do so consistent with Magistrate Judge Pesto's Report and Recommendation (ECF No. 13) and this Memorandum Order. If Plaintiff does not timely file an amended pleading by such date, the claims dismissed without prejudice under this Order shall convert to dismissal **with prejudice** without further Order or notice.

Stephanie L. Haines
United States District Judge

5