IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR DARNELL THOMAS, </br></br>Plaintiff, </br></br>vs. </br></br>R.N. MARTYNUSKA, Medical Contractor, FCI LORETTO, *et al.* </br></br>Defendants. | ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 3:20-cv-181 </br> ) Judge Stephanie L. Haines </br> ) Magistrate Judge Keith A. Pesto </br> ) </br> ) </br> ) |

**MEMORANDUM ORDER**

This is a civil rights case brought by Victor Darnell Thomas ("Plaintiff") relating to Plaintiff's incarceration at Federal Correctional Institution Loretto ("FCI Loretto"). This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

Plaintiff's operative complaint in this matter is his Third Amended Complaint (ECF No. 23). On June 7, 2022, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 28) following his screening of Plaintiff's Third Amended Complaint (ECF No. 23) pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A. In his Report and Recommendation (ECF No. 28) he determined Plaintiff had adequately stated: (1) a deliberate indifference claim under *Farmer v. Brennan*, 511 U.S. 825 (1994) against Defendants Swindell, Martynuska, and Robinson and (2) First Amendment retaliation and Eighth Amendment claims against Defendant Robinson. Magistrate Judge Pesto recommended that all other Defendants should be dismissed. Plaintiff was advised he had fourteen days to file objections. On July 5, 2022, Plaintiff filed objections (ECF No. 29).[1]

---

[1] Plaintiff's objections (ECF No. 29) were dated June 28, 2022, and were not postmarked until

1

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents, pleadings, and filings of record, the Report and Recommendation (ECF No. 28), and Plaintiff's objections (ECF No. 29), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter and overrule Plaintiff's objections (ECF No. 29).

In his objections, Plaintiff requests that the Court reinstate his deliberate indifference claims against Defendants Golden, Bender, Weidlich, Bradley, Moser, Taggart, Miles, Wirfel, McLaughlin and Murphy.[2] Plaintiff contends he has provided sufficient factual support for his deliberate indifference claims against those Defendants.

The Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "The test for deliberate indifference is two-fold: "the official must both be aware of facts from which the

---

June 30, 2022. However, Plaintiff's objections were due on June 24, 2022. Plaintiff argues his objections are timely under the prison mailbox rule. Under the prison mailbox rule, an unrepresented prisoner's filing is considered filed as of the date the party delivered it to prison authorities for forwarding to the court via the prison's internal mail system. *See Parker v. Pennsylvania Bd. of Prob. & Parole*, 798 Fed. Appx. 701, 704 (3d Cir. 2020) (citing *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)). Even assuming Plaintiff delivered his objections to prison officials on June 28, 2022, they would still be untimely. *See Smith v. Carroll*, 602 F. Supp. 2d 521, 526 n. 7 (D. Del. 2009) ("the court concludes that [the complaint] was filed on the date it was signed, the earliest date possible that it could have been delivered to prison officials...for mailing."). Though untimely, the Court has nonetheless considered the arguments raised in Plaintiff's objections.

[2] Plaintiff also raises a number of objections to Magistrate Judge Pesto's summary of the procedural background of this case, however, as these objections have no bearing on the disposition of Plaintiff's claims, the Court will not address these objections.

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Allegations of mere negligent treatment, including medical malpractice, do not trigger the protections of the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06. To succeed on an Eighth Amendment medical needs claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Plaintiff states in his objections that Defendants Bender and Golden refused to provide him with appropriate treatment for his epididymitis, leading to his eventual hospitalization for sepsis. Plaintiff alleges Defendants Bender and Golden misdiagnosed his condition as a urinary tract infection, though Plaintiff had indicated he had been diagnosed with and treated for epididymitis in the past. However, Plaintiff's allegations and records show Defendants Bender and Golden responded to Plaintiff's complaints and promptly provided treatment, which included providing medication for Plaintiff's high temperature and the pain he was experiencing. A plaintiff cannot show deliberate indifference simply by demonstrating negligence in addressing a medical condition or a disagreement over the course of treatment received. *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence"); *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) ("[M]ere allegations of [medical] malpractice do not raise issues of constitutional import."); *id.* ("[M]ere disagreement as to the proper medical treatment [does not] support a claim of an [E]ighth [A]mendment violation."). Accordingly, Plaintiff has failed to state a claim that Defendants Bender and Golden were deliberately indifferent to his medical needs.

As to Defendant Weidlich, Plaintiff acknowledges that he did not make the final decision to deny appropriate treatment to Plaintiff but states that he failed to take actions to protect Plaintiff. Similarly, Plaintiff's allegations against Defendants Bradley, Moser, and Taggart appear to be based on supervisor liability. The Third Circuit has identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates. First, liability may attach if they, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Second, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct. *Id.* (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995)). "Failure to" claims – failure to train, failure to discipline, or failure to supervise – are generally considered a subcategory of policy or practice liability. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316–19 (3d Cir. 2014). Here, Plaintiff has failed to plead facts showing Defendants Weidlich, Bradley, Moser, and Taggart had any personal involvement in violating Plaintiff's constitutional rights.

Lastly, as to Defendants Miles, Wirful, McLaughlin, and Murphy, Plaintiff has failed to plead allegations to show these Defendants were deliberately indifferent to Plaintiff's medical needs. To establish personal liability against a defendant in a Section 1983 action, the defendant must have personal involvement in the alleged wrongs. That is, the state actor must have played an affirmative part in the alleged misconduct to be subject to liability. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015);

4

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). While Plaintiff generally alleges these Defendants were involved in his medical treatment, Plaintiff failed to plead any facts to support these Defendants played an affirmative part in violating Plaintiff's constitutional rights.

Accordingly, the Court agrees with Magistrate Judge Pesto's determination that Plaintiff has stated deliberate indifference claims against Defendants Swindell, Martynuska, and Robinson, and Eighth Amendment and First Amendment retaliation claims against Defendant Robinson, but that the remainder of Plaintiff's claims should be dismissed. In light of Plaintiff's previous opportunities to amend his claims in this matter, the Court also agrees with Magistrate Judge Pesto's recommendation that the dismissal of these various Defendants and claims shall be with prejudice as amendment would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (dismissal is appropriate where amendment "would be inequitable or futile.").

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 21st day of April, 2023, IT IS ORDERED that Plaintiff's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendation (ECF No. 28) hereby are OVERRULED; and,

IT IS FURTHER ORDERED that, for the reasons set forth in Magistrate Judge Pesto's Report and Recommendation (ECF No. 28), which hereby is adopted as the Opinion of the Court, the following claims are dismissed with prejudice from Plaintiff's Third Amended Complaint (ECF No. 23):

1. Plaintiff's deliberate indifference claims Defendants C.O. McLaughlin, Norman Weidlich, E. Bradley, V. Moser, A.W. Taggart, S. Miles, C.O. Murphy, and Wirfel;
2. Plaintiff's use of excessive force claims against Martynuska, Norman Weidlich, Kim

Swindell, M.D., E. Bradley, V. Moser, A.W. Taggart, P.A. Golden, Bender, C.O. McLaughlin, S. Miles, C.O. Murphy, and Wirfel.

*/s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge