IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR DARNELL THOMAS,<br><br>   Plaintiff,<br><br> vs.<br><br>R.N. MARTYNUSKA, Medical Contractor,<br>F.C.I. Loretto, *et al.*,<br><br>   Defendants. | Civil Action No. 3:20-cv-181<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

## MEMORANDUM ORDER

Presently before the Court is a Motion to Dismiss (ECF No. 49) a Third Amended Complaint filed *pro se* by Victor Darnell Thomas ("Thomas") (ECF No. 23). After dismissal of 18 other defendants, the Third Amended Complaint was served against defendants R.N. Martynuska, Medical Contractor at the Federal Corrections Institution at Loretto ("FCI-Loretto"), M.D. Kim Swindell, and Lt. Robinson, Shift Commander at FCI-Loretto (collectively "Defendants"). The Third Amended Complaint states that Thomas received inadequate medical care by Defendants for a serious medical condition and that Defendants acted with deliberate indifference to his medical needs. Thomas adds that defendant Robinson used excessive force in retaliation against Thomas. Thomas asserts a *Bivens* action for violating his First and Eighth Amendment rights and seeks compensatory and punitive damages, as well as injunctive relief.

Defendants move to dismiss the Third Amended Complaint (ECF No. 49) or, in the alternative, move for summary judgment. They filed a Brief (ECF No. 50) in support of the Motion. Both parties included confidential medical records with their pleadings and Thomas' medical condition is not in dispute. Defendants argue three premises for dismissal: (1) Thomas' claims are precluded by Supreme Court holdings; (2) Thomas has failed to state a claim upon

1

which relief can be granted; and (3) Defendants are entitled to Qualified Immunity. Thomas was given an opportunity to respond to the Motion, but filed a Motion to Strike (ECF No. 54) that did not address the substance of the case. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D. On February 23, 2024, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 55) recommending that the Third Amended Complaint (ECF No. 23) be dismissed. Thomas has filed no objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 55) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto.

I. **Analysis**

Defendants raise the defense that the type of claims that Thomas is asserting are not cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that when legal rights have been violated, federal courts may use any available remedy to make good the wrong done. *See id.* at 396. However, *Bivens* was a Fourth Amendment case of an unconstitutional search and seizure and since its decision the *Bivens* line of reasoning has been limited to very specific constitutional violations (Fifth Amendment and Eight Amendment medical case). "[O]ver the course of nearly four decades, the Supreme Court has repeatedly refused to recognize *Bivens* actions in any new contexts." *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) (citing *Cf. Carlson v. Green*, 446 U.S. 14 (1980) (providing the last set of novel circumstances in which the Court

implied a *Bivens* action)). "[I]t is well-settled law in its own context, but expanding the *Bivens* remedy is now considered a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017).

In *Bivens,* the Court reasoned that there were "no special factors counseling hesitation in the absence of the affirmative action by Congress." *Bivens,* 403 U.S. at 396. Since *Bivens*, courts considering the issue of awarding monetary damages in federal civil rights cases have exercised an evaluation of whether alternative remedies exist and whether the judiciary is suited to decide such an issue.

> [W]e must first ask 'whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.' Then, 'even in the absence of an alternative, ... [we] must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed ... to any special factors counselling hesitation before authorizing a new kind of federal litigation.'

*Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017) (internal citations omitted).

> The Supreme Court outlined a two-part test for courts to use in deciding whether to imply a *Bivens* remedy. First, the Court asks: "whether the case presents 'a new *Bivens* context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert [v. Boule]*, 596 U.S. [482,] 492 [(2022)] (quoting *Ziglar*, 582 U.S. at 139). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" [*Egbert,* 596 U.S. at 492] (quoting *Ziglar*, 582 U.S. at 136).

ECF No. 50, p. 8. There are three claims before the Court, a First Amendment retaliation claim, an Eighth Amendment excessive force claim, and an Eighth Amendment deliberate indifference claim. None of these claims is the type of claim contemplated under a *Bivens* action.

The Supreme Court has never implied a *Bivens* action under any clause of the First Amendment. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) (stating "We have never held

3

that *Bivens* extends to First Amendment claims");[1] *Egbert v. Boule*, 596 U.S. 482, 498-99 (2022). Considering whether there are any "special factors" requires weighing "reasons for and against the creation of a new cause of action, the way common law judges have always done." *Wilkie v. Robbins*, 551 U.S. 537, 554 (2007). "The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts?" *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Bush v. Lucas*, 462 U.S. 367, 380 (1983)). Most often, the answer is Congress. *See Ziglar* 582 U.S. at 135. Because, "[w]hen an issue involves a host of considerations that must be weighed and appraised, it should be committed to those who write the laws rather than those who interpret them." *Id.* at 135-36 (citations omitted). The Court finds Thomas is not entitled to money damages through his First Amendment claim.

As to the Eighth Amendment excessive force claim, the same analysis applies. As Magistrate Judge Pesto states, *Egbert* forecloses a *Bivens* Eighth Amendment excessive force claim.[2] "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Egbert*, 596 U.S. at 498. Other potential remedial processes for Thomas are the Bureau of Prison's Administrative Remedy Program or a state tort action. Thus, there is no plausible *Bivens* claim for excessive force under the Eighth Amendment.

As to Thomas' Eighth Amendment claim of deliberate indifference to a serious medial need, Judge Pesto properly examines *Carlson v. Green*, 446 U.S. 14 (1980), where the Supreme Court recognized an implied *Bivens* action for an Eighth Amendment claim when prison staff failed to treat a prisoner's immediately life-threatening asthma attack, resulting in his death.

---

[1] The Court in *Reichle* declined to opine on *Bivens* in the context of a First Amendment retaliation claim stating, "We need not (and do not) decide here whether *Bivens* extends to First Amendment retaliatory arrest claims." 566 U.S. at 663, n. 4.
[2] *Bivens* was not a prisoner and his claim was a Fourth Amendment claim not an Eighth Amendment claim.

4

Unlike *Carlson*, in this case, there is ample evidence that Thomas received treatment for his malady, though it wasn't properly diagnosed at first. Thomas' medical records show he was seen on July 19, 2018, and testing was administered and he was provided with medication. He was seen again on August 5, 2018, and was evaluated and tested for frequent and painful urination. He was seen on September 2, 2018, where he was evaluated for lower back pain and difficulty ambulating. He was already on a course of antibiotics at the time and was transported to Health Services to await an ambulance to take him to UPMC Altoona. Thomas' epididymitis was diagnosed through an ultrasound at UPMC Altoona and he was prescribed another course of antibiotics and returned to FCI-Loretto the same day. On September 3, 2018, UPMC Altoona requested FCI-Loretto return Thomas for intravenous antibiotic treatment because of a blood culture growing gram-negative bacilli. He was transported to UPMC Altoona and later to Select Specialty Hospital for security reasons. He remained at Select Specialty Hospital on antibiotics until September 27, 2018, when he was returned to FCI Loretto and his antibiotic treatment continued. ECF No. 50, p. 3-4. Given all the medical attention that Thomas received, it cannot be said that Defendants were deliberately indifferent to his medical needs. While Thomas complains of being ignored and misdiagnosed, he does not contest that he received the above-described medical attention. As Judge Pesto states, this claim for Eighth Amendment deliberate indifference would not survive summary judgment. Moreover, Thomas makes no argument why his claim is one of the rare *Bivens* claims that can exist under *Carlson* and after *Egbert*. In other words, Thomas did not present a plausible case to support a judicial cause of action.

Based on its evaluation, the Court finds that Thomas' claims should be dismissed with prejudice. As such, the Court deems it unnecessary to consider the defense of Qualified Immunity.

Magistrate Judge Pesto correctly determined that Thomas failed to assert plausible *Bivens* claims for a First Amendment violation of retaliation or for Eighth Amendment violations of deliberative indifference and excessive force.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 29th day of March, 2024, IT IS ORDERED that the Third Amended Complaint (ECF No. 23) is hereby DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 55) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge